WILLIAM SLEICHER, JR., and WILLIAM N. SLEICHER, Respondents, v. JAMES GROGAN, as President of "IRON MOULDERS' UNION, No. 2," and Others, Appellants.

*Injunction* pendente lite — *not granted where a continuance of the acts complained of is not threatened.*

An injunction *pendente lite* will not be granted where there is nothing to indicate that the acts complained of are present continuing acts, or that there are threats or indications of their continuance or perpetration in the future, and where it appears that the last act complained of took place over two months before the commencement of the action.

APPEAL by the defendants, James Grogan, as president of "Iron Moulders' Union, No. 2," and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 24th day of March,

1899, continuing, *pendente lite,* a temporary injunction theretofore granted in the action.

*Jacob L. Ten Eyck,* for the appellants Wm. McKinney and others.

*Thomas S. Fagan,* for the appellants James A. Grogan and others. ·

*Edward L. Nugent,* for the appellants Thomas Ryan and others.

· *H. O. Ingalls,* for the respondents.

HERRICK, J.:

This is an appeal from an order continuing, *pendente lite,* a temporary injunction theretofore granted. The complaint was sworn to December 5, 1898; it recites the inauguration of a strike on or about October 11, 1897, and it sets forth various acts of violence and intimidation upon the part of the defendants, and the picketing and patrolling of the plaintiffs' premises by the defendants, whereby workingmen desirous of employment in the plaintiffs' establishment, and customers seeking access thereto, were intimidated, deterred and prevented from fulfilling their desires.

The complaint alleges that such patrolling and picketing continued from on or about the 11th day of October, 1897, until the commencement of this action.

The only other acts alleged in the complaint as having been done were done in the year 1897. In the affidavit of the plaintiffs used to obtain the temporary injunction, and in support of the allegations of the complaint, various acts of violence and intimidation are set forth. The last act of violence is alleged to have occurred on the 12th day of September, 1898, and the last act of intimidation is inferentially alleged to have occurred on or about the 2d day of December, 1898, but the exhibit therein referred to as substantiating that charge, shows that the act of intimidation referred to, being a visit to one of the plaintiffs' customers by a so-called strikers' committee, took place about the 1st of August, 1898.

There is nothing, then, to indicate to us that, at the time this action was commenced, the acts complained of were present con-

tinuing acts, or that there were any threats or indications of their continuance or perpetration in the future; and so far as the evidence shows, the last act upon the part of the defendants, which would constitute an interference with the plaintiffs' business, was committed in the month of August, 1898; and in the absence of any recent manifestation of violence or intimidation, or any evidence of their present existence or future perpetration, I do not think that an injunction *pendente lite* should be granted. An injunction should only be granted to restrain present illegal or injurious acts, or their threatened or anticipated future perpetration.

The order appealed from should be reversed and the injunction vacated, without prejudice, however, to the rights of the plaintiffs to renew their motion for an injunction, if the defendants at any time during the pendency of this action interfere with the plaintiffs' business, or do any of the acts or things they were restrained from doing in the injunction hereby vacated.

All concurred, except PUTNAM, J., not sitting.

Order reversed, without prejudice, with ten dollars costs and disbursements.